**Roy W. DAVIS et al., Appellants,**

v.

**L. S. GREENWOOD, Appellee.**

**No. 7518.**

Court of Civil Appeals of Texas.

Texarkana.

Dec. 31, 1963.

Rehearing Denied Jan. 28, 1964.

Norman C. Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana,

Thompson & Stripling, Nacogdoches, C. M. Kennedy, Texarkana, for appellants.

Sidney Lee, Texarkana, for appellee.

DAVIS, Justice.

This is a suit to recover $3,000.00 escrow money by L. S. Greenwood against Roy W. Davis. Davis filed a cross-complaint against Mrs. Althea Hart, Guardian of the Estate of Maxey Wayne Hart, a minor, and Maxine Hart Thompson and her husband, John Pack Thompson. Maxine Hart Thompson was divorced from her husband, John Pack Thompson, and has remarried Raymond E. Prewitt. Greenwood filed an amended petition on November 26, 1962, in which he sued Davis and the Harts for the money. The escrow money was paid to Davis, as Real Estate Agent, on a contract between Mrs. Hart, as guardian, and Greenwood, for the sale of 1480 acres of land situated in Miller County, Arkansas, for a total consideration of $51,800.00. The $3,000.00 was paid by Greenwood as a part of the purchase money for the tract of land. An additional $24,800.00 cash was to be paid at the delivery of the deed, and the execution of a Note by Greenwood in the sum of $24,000.00. Mrs. Hart, as seller, agreed to furnish an abstract of title, and Greenwood was to have ten days after the delivery of the abstract in which to make any written objections to the title to the property. The contract was dated February 8, 1957.

Davis and the Harts answered and plead the two and four year Statutes of Limitations.

The abstract was delivered to Greenwood the latter part of February, 1957, and Greenwood did not file any written objections to the title to the property. The last of May, or the 1st of June, 1957, Greenwood contacted Davis and demanded his money back. Davis refused.

At the trial, Greenwood filed a trial amendment in which he alleged the contract was void because of the lack of description. The property was described in the contract as follows:

"Lying and situated in the County of Little River, State of Arkansas. All or a part of Sections Sixteen (16), Seventeen (17) Twenty-one (21) Twenty-Two (22) and Twenty-Three (23) Township Thirteen (13) Range Twenty-Seven (27) West, containing 1480 Acres or less (known as J. R. Burrus and Smith Property)."

The contract is probably void because of a lack of description, but that is not material to a decision of this case.

In Greenwood's amended petition in which he sued Davis and the Harts he alleged, in part, as follows:

"After the plaintiff discovered on or about June 1, 1957, the falsity of the representations which the defendant Davis had made to him concerning the identity of the land being offered for sale, it boundaries, and as to its being subject to overflow, he disaffirmed the said contract of February 8, 1957; and on or about May 16, 1958, the plaintiff and defendant Althea Hart, the latter acting in her capacity of Guardian as aforesaid agreed to rescind said contract of February 8, 1957, and to release each other therefrom. In conformity with such agreement the plaintiff and the defendant, Althea Hart applied to the Probate Court of Little River County, Arkansas, which had theretofore appointed the said Defendant, Althea Hart foreign guardian of the estate of defendant, Maxine Hart Thompson, then Maxine Hart, and Maxie Wayne Hart, for permission to execute a release 'wherein the estate of said minors and L. S. Greenwood release each other from the contract of sale dated February 8, 1957', which permission was by said Court granted by its order dated May 19, 1958."

743

In this allegation, he alleged that he disaffirmed the contract on June 1, 1957, and later stipulated such fact. Greenwood took the position that the contract was void from the beginning.

There was no evidence that Mrs. Hart executed a release, and no judgment was offered in evidence of the action of the Probate Court of Little River County, Arkansas.

About June 1, 1957, Greenwood refused to purchase the property. On or about July 25, 1957, Mrs. Hart tendered to Greenwood a Warranty Deed duly executed, and a Note for Greenwood to sign. Greenwood refused the Deed, refused to pay the cash consideration involved, and refused to execute the Note. The suit was filed against Davis on August 1, 1961. The amended petition was filed on November 26, 1962. The trial was commenced on November 26, 1962.

At the conclusion of the evidence the parties stipulated the following facts:

That Greenwood did not return the abstract of title with written objections thereto within ten days after receipt of said abstract; That Mrs. Hart, Guardian as aforesaid, on or about July 25, 1957, tendered the Warranty Deed conveying the property to Greenwood, and with such tender did likewise tender a Note for his execution; that Greenwood refused to accept said property, refused to accept the deed, refused to pay any other part of the cash consideration, and refused to execute the Note for the credit portion of the consideration.

They made further stipulations, but they are not necessary to be enumerated for a decision in this case. If the contract was void because of a lack of description, the two year statute of limitation is applicable. The two years commenced running on February 8, 1957, or at the time Greenwood demanded his money from Davis and Davis refused to give it back to him. 34 Am.Juris. 140, Trusts, Secs. 175 to 179; 37 T.J.2d 127, Sec. 30; 37 T.J.

2d 141, Sec. 37, 54 C.J.S. Limitations of Actions § 182, p. 167. If such is the case, then more than two years had elapsed before the suit was filed. Art. 5526, R.C.S., and cases cited thereunder.

In the event the contract was not void because of a lack of description, then the four year statute of limitation is applicable and commenced running at the expiration of ten days after the abstract was delivered to Greenwood, or at the date that Greenwood demanded his money back from Davis and Davis refused to pay it back to him, or June 1, 1957, at the time that Greenwood refused to accept the property, or on July 25, 1957, when Greenwood refused to accept the deed, refused to pay the additional cash consideration, and to execute the Note therefor. Art. 5527, R.C.S., and cases cited thereunder.

After all the evidence and stipulations were tendered, Davis and the Harts filed motions for judgment under the two and four year statutes of limitations. The motions were overruled. Certain special issues were submitted to the jury, but they are immaterial. Judgment was entered in favor of Greenwood for the $3,000.00, and in favor of Davis against the Harts for an amount that the jury found to be a reasonable commission. Davis and the Harts have perfected an appeal and bring forward several points of error. They both complain that the trial court erred in denying their motions for judgment under the two and four year statutes of limitations.

Davis was holding the money as a part of the consideration paid for the property, out of which he was to keep his commission. His position as trustee expired at the time that Greenwood demanded the money back and Davis refused to pay it to him. According to the contract, Greenwood was liable for the purchase of the property. If Davis is still holding the money as trustee for anyone he is holding it as trustee for the Hart Estate, less his commission.

In Texas a probate court can not execute a release pertaining to the contract for the purchase or sale of real estate under any theory of reasoning. The Arkansas law was not pleaded or proved. Greenwood swore that a release was executed by the probate court on May 19, 1958. There was evidence that the probate court gave Mrs. Hart, as guardian, permission to execute a release, but no release was ever executed. This being a probate matter entered into for the purpose of conveying the property, it does not seem that such would be tantamount to tolling the statute of limitation.

In the event the contract is void because of a lack of description, the two year statute of limitation is applicable. In the event the contract is not void, Greenwood having breached the contract by refusing to file his written objections to the title within ten days after the abstract of title was delivered to' him, demanding his money back from Davis and Davis refusing to pay the money back to him, refusing the property on June 1, 1957, because of alleged false representations, he breached the contract, and Greenwood refusing to accept the deed, pay the balance of the cash consideration and execute the note on July 25, 195½, he continued to breach the contract, and the four year statute of limitation is applicable. Suit not being filed against Davis until August 1, 1961, and against the Harts until November 26, 1962, then the four year statute of limitation is applicable.

The points of error based upon the two and four year statute of limitations are sustained.

Mrs. Hart raised a point of error that Davis should be bound by the reasonable commission based upon the jury's findings. Under the pleadings and the record in the case, the point is without any merit save and except the judgment in the amount rendered will have to be reversed. To that extent only the point is sustained.

There were other points raised by Davis and Mrs. Hart, but they become immaterial and are overruled.

The judgment of the trial court in favor of Greenwood is reversed, and judgment is here rendered that Greenwood take nothing. The judgment in favor of Davis against the Harts as to the reasonable commission is reversed. Judgment is here rendered that Davis recover $2,590.00 against the Hart Estate out of the escrow money. Judgment is here rendered that the Hart Estate recover $410.00 out of the escrow money. All costs are taxed against Greenwood.